# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 19-30945
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**
June 29, 2020

Lyle W. Cayce
Clerk

CRU SHREVEPORT, L.L.C.,

    Plaintiff - Appellant

v.

UNITED NATIONAL INSURANCE COMPANY,

    Defendant - Appellee

Appeal from the United States District Court
for the Western District of Louisiana
USDC No. 5:18-CV-751

Before STEWART, HIGGINSON, and COSTA, Circuit Judges.

PER CURIAM:*

This insurance dispute comes to us following a grant of summary judgment to United National Insurance Company ("United") by the Magistrate Judge, who presided over this case with the consent of the parties under 28 U.S.C. § 636(c). CRU Shreveport, L.L.C. ("CRU") appeals. For the following reasons, we affirm.

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 19-30945

## I. Background

To finance the purchase of a Wyndham Garden hotel in Shreveport, CRU received a loan from GreenLake Real Estate Fund, LLC ("GreenLake"). The loan was secured by a promissory note, and the note was secured by a mortgage that granted GreenLake security rights in, among other things, "all insurance policies, unearned premiums therefor and proceeds from such policies covering any of the above property now or hereafter acquired by [CRU]." United insured the hotel property owned by CRU.

In 2016, a boiler in the hotel's HVAC system burst, causing water damage to a number of hotel rooms. CRU filed a claim with United, and United satisfied the initial claim. CRU then claimed the damage to the hotel was much more extensive than it originally thought. This led to a dispute about whether the policy covered the extent of the damage described in the expanded claim.

Meanwhile, the damage caused by the burst boiler resulted in a number of rooms being unavailable to guests for an extended time. This in turn caused CRU's room-related income to drop significantly. The financial woes led CRU to default on its mortgage payments to GreenLake.

In August 2017, CRU and GreenLake entered into a forbearance agreement. The agreement required CRU to execute a partial dation en paiement ("Dation")—a "giving in payment" under article 2655 of the Louisiana Civil Code—conveying the hotel and the property associated with it to GreenLake should CRU default on the forbearance agreement. The Dation provided that it would go into effect when it was recorded in Caddo Parish.

In June 2018, CRU filed this suit against United. CRU sought relief under two theories of liability: (1) that United had breached the insurance contract by failing to fully reimburse CRU for water-related damage to rooms at the hotel; and (2) United breached its duty of good faith and fair dealing

2

No. 19-30945

under Louisiana Revised Statutes §§ 22:1892 and 22:1973. The parties agreed that the suit could be referred to the Magistrate Judge for all proceedings leading up to the entry of judgment.

In October 2018, about four months *after* CRU filed suit against United, GreenLake recorded the Dation in Caddo Parish, triggering the conveyance of the hotel and all movable property associated with it from CRU to GreenLake. United did not learn about the conveyance until months after it occurred, which caused a delay in the original trial date in this suit.

In September 2019, United moved for summary judgment. It argued that CRU lacked a right of action against United because it gave up any rights it had in the hotel or the movable property associated with it—including insurance recovery rights—in the Dation. CRU opposed the motion, attaching affidavits from representatives of CRU and GreenLake showing that neither party intended the Dation to transfer suit-bringing rights under the insurance policy.

In October 2019, the Magistrate Judge granted United's motion. The Magistrate Judge held that the Dation unambiguously transferred all rights CRU held in the hotel and the associated movable property, including any right of action under the insurance policy that covered the hotel, to GreenLake. Because CRU had no right of action under the policy, the Magistrate Judge ruled that CRU's breach of contract claim must fail. Similarly, because CRU had no rights under the insurance contract, it lacked any right to bring a bad-faith insurance claim under Louisiana law. After granting the motion, the Magistrate Judge entered a final judgment in United's favor.

On appeal, CRU argues that the meaning of "Movable Property" under the Dation is ambiguous. It therefore argues that the Magistrate Judge erred by refusing to consider parol evidence that would have shown that neither CRU nor GreenLake intended to transfer any rights held by CRU under the

3

insurance policy. CRU therefore seeks reversal of the Magistrate Judge's grant of summary judgment in United's favor.

## II. Discussion

"We review a summary judgment *de novo*." *Dyer v. Houston*, 955 F.3d 501, 506 (5th Cir. 2020). "The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED R. CIV. P. 56(a).

Under Louisiana law,[1] "[i]nterpretation of a contract is the determination of the common intent of the parties." LA. CIV. CODE art. 2045. "When the words of a contract are clear and explicit and lead to no absurd consequences, no further interpretation may be made in search of the parties' intent." *Id.* art. 2046.

It is undisputed that the Dation resulted in CRU conveying its interest in the hotel, the "Movable Property" associated with it, and various rights associated with both to GreenLake. The only question is whether the CRU's right to collect proceeds from the insurance policy was among the rights transferred in the conveyance. We hold that it was.

Under the Dation, CRU conveyed to GreenLake "the Property and the Movable Property." The Dation described "the Property" as the hotel. It defined the "Movable Property" as:

> All movable (personal) property of the GRANTOR [CRU], including without limitation all Personalty (all right, title and interest of the GRANTOR in and to all goods, accounts, general intangibles, instruments, documents, chattel paper and all other personal or movable property now owned or hereafter acquired by the GRANTOR and now or hereafter affixed to, placed upon, used in connection with, arising from or

---

[1] It is undisputed that Louisiana law applies in this diversity case.

> otherwise related to the immovable property and all improvements located thereon more particularly described in the Mortgage, Fixtures, Leases, Rents, Deposit Accounts, Property Agreements, Tax Refunds, Proceeds, Insurance and Condemnation Awards.

CRU insists that it is not clear from this definition of "Movable Property" whether its right to collect proceeds from its insurance policy with United was among those it transferred to GreenLake in the Dation. This is especially true, it argues, given the placement of the opened but never closed parenthesis following "Personalty" in the Dation's definition of "Movable Property."

Despite the obvious typo, we see no lack of clarity. It is difficult to imagine a more far-reaching definition of "Movable Property" than the one in the Dation. It expressly includes "All movable (personal) property" that belongs to CRU. In a supplemental letter brief, CRU admitted that its right to recover proceeds under the insurance policy was "movable" property under Louisiana law. United agreed. We need not look further into the matter: the Dation unambiguously conveyed all movable property belonging to CRU to GreenLake. This included CRU's right to recover proceeds under its policy with United. Because CRU lacked any right to recover under the insurance policy, the Magistrate Judge correctly held that United was entitled to summary judgment.

## III. Conclusion

For the foregoing reasons, we affirm the judgment of the Magistrate Judge.